No. 25-1889

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Feb 13, 2026
> KELLY L. STEPHENS, Clerk

ROEIAH EPPS-WARD, )
                       )
     Plaintiff-Appellee, )
                       )
v. )   ON APPEAL FROM THE UNITED
                       )   STATES DISTRICT COURT FOR
JARRETT ADAMS; LAW OFFICES OF )   THE EASTERN DISTRICT OF
JARRETT ADAMS, PLLC, )   MICHIGAN
                       )
     Defendants-Appellants.

O R D E R

Before: NORRIS, BLOOMEKATZ, and HERMANDORFER, Circuit Judges.

This matter is before the court upon initial consideration of appellate jurisdiction.

Roeiah Epps-Ward filed a civil action disputing entitlement to legal fees. Defendants-appellants, Jarrett Adams and the Law Offices of Jarrett Adams, PLLC (collectively "Adams"), moved to dismiss on the basis that Adams is not subject to the personal jurisdiction of the United States District Court for the Eastern District of Michigan. *See* Fed. R. Civ. P. 12(b)(2). The district court denied the motion. Adams filed a notice of appeal.

This court issued a show-cause order directing the parties to address this court's jurisdiction. In his response, Adams acknowledges that the district court's order denying his motion to dismiss is not a final decision. But he claims that the order is immediately appealable under the "collateral order" doctrine. *See Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541 (1949). In reply, Epps-Ward asserts that this court has held the doctrine is not applicable to issues of personal jurisdiction.

Under the collateral order doctrine, an order that would not normally be final is immediately appealable if it: "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment." *Williams v. Maurer*, 9 F.4th 416, 426 (6th Cir. 2021) (quoting *Crockett v. Cumberland Coll.*, 316 F.3d 571, 578 (6th Cir. 2003)).

As Epps-Ward has asserted, this court has determined that orders resolving issues of personal jurisdiction do not satisfy these criteria. *See Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 502 (6th Cir. 2011), *abrogated on other grounds by Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67-68 (2019). In particular, a claim that personal jurisdiction is lacking "can be vindicated on appeal after trial, and thus does not satisfy the third prong of the . . . doctrine." *Id.* (citing *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 501 (1989)). Adams has not distinguished this case in his response. In light of this precedent, we must conclude that the district court's order is not immediately appealable.

The appeal is **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_

Kelly L. Stephens, Clerk